1   JOSEPH P. HARDY
    Nevada Bar No. 7370
2   GORDON & REES LLP
    3770 Howard Hughes Parkway, Suite 100
3   Las Vegas, Nevada 89169
    Telephone: (702) 577-9300
4   Facsimile: (702) 255-2858
    Email: jhardy@gordonrees.com
5
    Attorneys for Defendant
6   Retrieval-Masters Creditors Bureau, Inc., d/b/a
    American Medical Collection Agency, and
7   erroneously sued separately as American
    Medical Collection Agency, Inc., d/b/a
8   AMCA Collection Agency

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11

12   JOSHUA MORGAN, on behalf of himself and all )   CASE NO.:     2:11-cv-600-RLH-RJJ
     similarly situated persons,                   )
13                                                  )
                        Plaintiff,                  )   **DEFENDANT'S MOTION TO**
14                                                  )   **DISMISS COMPLAINT**
          vs.                                       )   **PURSUANT TO FED. R. CIV.**
15                                                  )   **PRO. 12(b)(6)**
     RETRIEVAL-MASTERS CREDITORS BUREAU, )
16   INC., an unknown entity, d/b/a AMERICAN        )
     MEDICAL COLLECTION AGENCY; AMERICAN )
17   MEDICAL COLLECTION AGENCY, INC., a New )
     York corporation, d/b/a AMCA COLLECTION       )
18   AGENCY; DOE individuals 1 through 20, inclusive; )
     and ROE CORPORATIONS 1 through 20, inclusive, )
19                                                  )
                        Defendants.                 )
20   _____ )

21        Defendant RETRIEVAL-MASTERS CREDITORS BUREAU, INC., d/b/a AMERICAN

22   MEDICAL COLLECTION AGENCY ("Retrieval-Masters"), and erroneously sued separately as

23   AMERICAN MEDICAL COLLECTION AGENCY, INC., d/b/a AMCA COLLECTION

24   AGENCY, by and through its undersigned attorney, JOSEPH P. HARDY of the law firm of

25   Gordon & Rees LLP, and pursuant to Fed. R. Civ. Pro. 12(b)(6), hereby submits its Motion to

26   Dismiss Plaintiff's Complaint for Failure to State a Claim.

27   / / /

28   / / /

*(left margin, vertical text)* Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada 89169

1    This Motion is made and based upon the pleadings and papers on file herein, the attached

2    Points and Authorities, and any and all oral argument which the Court may entertain should a

3    hearing be set on said Motion.

4    Dated: May 18, 2011                          GORDON & REES LLP

5

6                                                By: /s/ Joseph P. Hardy
                                                     JOSEPH P. HARDY
7                                                    Nevada Bar No. 7370
                                                     3770 Howard Hughes Parkway, Suite 100
8                                                    Las Vegas, Nevada 89169

9                                                Attorneys for Defendant Retrieval-Masters
                                                 Creditors Bureau, Inc., d/b/a American
10                                               Medical Collection Agency, and
                                                 erroneously sued separately as American
11                                               Medical Collection Agency, Inc., d/b/a
                                                 AMCA Collection Agency
12

13                          **POINTS AND AUTHORITIES**

14                               **I. INTRODUCTION**

15          Plaintiff Joshua Morgan's Complaint is a misguided attempt to graft liability onto

16   Retrieval-Masters where no such liability exists. The Court should dismiss Plaintiff's Complaint

17   for failure to state a claim upon which relief may be granted for two reasons. First, the collection

18   letter both on its face and on its back (which Plaintiff fails to attach) clearly states more than

19   once that it is from a collection agency and is an attempt to collect a debt.

20          Second, Retrieval-Masters is registered in the State of Nevada as a foreign collection

21   agency. In other words, Retrieval-Masters is operating with all required licenses. Consequently,

22   the Court should dismiss the Complaint. Finally, the dismissal should be with prejudice because

23   Plaintiff cannot possibly amend his Complaint so as to comply with the requirements of Federal

24   Rules of Civil Procedure 11 and 12.

25   / / /

26   / / /

27   / / /

28   / / /

*Gordon & Rees LLP*
*3770 Howard Hughes Parkway Suite 100*
*Las Vegas, Nevada 89169*

## II. FACTUAL BACKGROUND

Retrieval-Masters is a New York corporation that acts as a debt collection agency. Complaint (Dkt. 1) at 2:24-28. [1] Retrieval-Masters has been doing business under its assumed name of American Medical Collection Agency since 1987. Declaration of Jeffrey S. Wollman attached as **Exhibit A** ("Wollman Decl.") at 2:3-10, in particular March 31, 2010 certification from State of New York attached thereto as **Exhibit A-1** and New York State Certificate of Assumed Name attached thereto as **Exhibit A-2**. Retrieval-Masters is also registered with the State of Nevada, Department of Business and Industry, Financial Institutions Divisions, as a foreign collection agency. Wollman Decl. at 2:11-14, in particular State of Nevada Foreign Collection Agency Certificate of Registration attached thereto as **Exhibit A-3**. The Nevada Certificate of Registration lists American Medical Collection Agency as a d/b/a of Retrieval-Masters. *Id.* AMCA is merely an acronym of American Medical Collection Agency. Wollman Decl. at 2:1-2.

According to Plaintiff's Complaint, on March 21, 2011, Retrieval-Masters mailed a collection letter to Plaintiff. Complaint (Dkt. 1) at 4:20-22. Upon receipt of the letter, Plaintiff opened and read it. *Id.* at 4:24-25.

The contents of the letter are revealing. Plaintiff avers that in the letter, Retrieval-Masters demanded immediate payment of Plaintiff's debt. Complaint (Dkt. 1) at 4:26-28 and the March 21, 2011 letter attached thereto as Exhibit 1 ("March 21 letter"). Plaintiff omits several other key facts, however, the first being that the March 21 letter was not the first collection letter that Retrieval-Masters sent to Plaintiff. As noted in the first sentence of the letter, Retrieval-Masters had written to Plaintiff "repeatedly concerning [his] debt." Complaint at Ex. 1.

Notably, the letter is clear that it is from a debt collector. At both the top right and top left of the letter the words "COLLECTION AGENCY" are set forth in all capital letters. *Id.* Whereas the letter is from Retrieval-Masters, Quest Diagnostics, Inc., is listed as the service provider. *Id.*

---

[1] For purposes of this Motion to Dismiss only, the facts alleged in the Complaint will be assumed to be true.

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada 89169

1      Additionally, the body of the letter further informs that it is from a collection agency and

2   is an attempt to collect a debt.  After a salutation to Plaintiff, the body of the letter states as

3   follows:

4          We have written to you repeatedly concerning your debt of $28.09.  You have
           neither paid the invoice nor written to dispute the validity of the debt.
5
           As a result, this agency makes an **IMMEDIATE DEMAND** for payment in full.
6          If payment is not made within twenty-one (21) days, your account will be
           reviewed for additional collection efforts.
7
           You can avoid further collection efforts by sending your payment now.  Please
8          enclose the bottom portion of this letter so your account can be properly
           cancelled.
9

10   March 21 letter (bold emphasis in original, underlined emphasis added).

11      The reverse side of the March 21 letter at the top has a clear paragraph that reads:

12         This is an attempt to collect a debt.  Any information obtained will be used for
           that purpose.  This communication is from a debt collector.
13

14   Wollman Decl. at 2:15-16, in particular reverse side of March 21 letter attached thereto as

15   **Exhibit A-4**.

16      Notably, Plaintiff still does not dispute that he owes the debt set forth in the collection

17   letter.

18      In sum, American Medical Collection Agency (and its acronym AMCA) is a valid

19   assumed name that Retrieval-Masters has used for years.  Additionally, the March 21 letter

20   plainly and clearly notes that (1) it is from a collection agency, (2) it is an attempt to collect a

21   debt, (3) Plaintiff has neither paid nor disputed the debt, and (4) Plaintiff can avoid further

22   collection efforts by paying the debt.

23                          **III.  LEGAL ARGUMENT**

24   **A.      Standard of Law for Motion to Dismiss for Failure to State a Claim**

25         **1.      A complaint that lacks sufficient facts to state a plausible claim should be
                    dismissed**
26

27      Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for

28   "failure to state a claim upon which relief can be granted."  A properly pled complaint must

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada 89169

-4-

1    provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

2    Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8

3    does not require detailed factual allegations, it demands more than "labels and conclusions" or a

4    "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

5    1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be

6    enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a

7    motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief

8    that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

9         In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to

10   apply when considering motions to dismiss.  First, the Court must accept as true all well-pled

11   factual allegations in the complaint; however, legal conclusions are not entitled to the assumption

12   of truth.  *Id.* at 1950.  Mere recitals of the elements of a cause of action, supported only by

13   conclusory statements, do not suffice.  *Id.* at 1949.  Second, the Court must consider whether the

14   factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 1950.  A claim is

15   facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a

16   reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where

17   the complaint does not permit the court to infer more than the mere possibility of misconduct, the

18   complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal

19   quotation marks omitted).  When the claims in a complaint have not crossed the line from

20   conceivable to plausible, Plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

21        **2.    The Court can consider documents of undisputed authenticity that are
          referenced within the complaint and take judicial notice of public records**

22

23        In ruling on a motion to dismiss, a district court can consider documents of undisputed

24   authenticity that are referenced within the complaint even if copies are not attached thereto. *See,*

25   *e.g.*, Fed. R. Civ. Pro. 10(c) ("A copy of a written instrument which is an exhibit to a pleading is

26   a part of the pleading for all purposes."); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)

27   (holding that "documents whose contents are alleged in a complaint and whose authenticity no

28   party questions, but which are not physically attached to the pleading, may be considered in

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada 89169

1  ruling on a Rule 12(b)(6) motion to dismiss.  Such consideration does not convert the motion to

2  dismiss into a motion for summary judgment."), overruled on other grounds by *Galbraith v.*

3  *County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Arnell v. Mayflower Transit, Inc.*, 968 F.

4  Supp. 521, 522 (D. Nev. 1997) ("Documents whose contents are alleged in a complaint and

5  whose authenticity no party questions, but which are not physically attached to the pleading, may

6  be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

7          The court may likewise consider public records and other judicially noticeable

8  documents.  *Venetian Casino Resort, LLC, v. Cortez*, 96 F. Supp. 2d 1102, 1106 (D. Nev. 2000)

9  (in ruling on a motion to dismiss for failure to state a claim, the court may consider "(1)

10  documents physically attached to the complaint, (2) documents of undisputed authenticity that

11  are alleged or referenced within the complaint, and (3) public records, and other judicially

12  noticeable evidence").

13          Here, the Court should consider the March 21 letter in its entirety, including the reverse

14  side of the letter, and take judicial notice of the public records regarding Retrieval-Masters'

15  assumed name New York registration and its certificate of registration as a foreign collection

16  agency in Nevada.  Based on those undisputed documents and the legal argument set forth

17  below, the Court should dismiss Plaintiff's Complaint with prejudice.

18  **B.      The Court Should Dismiss Plaintiff's Claim For Violation of 15 U.S.C. § 1692e(11)**
**Because The Debt Collection Language In The March 21 Letter Complies With All**
19  **The Statutory Requirements**

20          Plaintiff's first claim against Retrieval-Masters for violation of 15 U.S.C. ¶ 1692e(11)

21  should be dismissed with prejudice because the March 21 letter fully complies with the statute.

22  The purpose of the Fair Debt Collection Practices Act is:

23          To eliminate abusive debt collection practices by debt collectors, to insure that
           those debt collectors who refrain from using abusive debt collection practices are
24          not competitively disadvantaged, and to promote consistent State action to protect
           consumers against debt collection abuses.
25

26  15 U.S.C. 1692(e).  To that end, Section 1692e sets forth the following:

27          A debt collector may not use any false, deceptive, or misleading representation or
           means in connection with the collection of any debt.  Without limiting the general
28          application of the foregoing, the following conduct is a violation of this section:

1          . . .

2          (11)    The failure to disclose in the initial written communication with the
           consumer and, in addition, if the initial communication with the consumer is oral,
3          in that initial oral communication, that the debt collector is attempting to collect a
           debt and that any information obtained will be used for that purpose, and **the**
4          **failure to disclose in subsequent communications that the communication is**
           **from a debt collector**, except that this paragraph shall not apply to a formal
5          pleading made in connection with a legal action.

6    15 U.S.C. § 1692e(11) (emphasis as set forth in Plaintiff's Complaint at 7:1-10).

7          In other words, false and deceptive representations are banned and debt collectors are

8    required to disclose that they are debt collectors.  There is no requirement that a debt collector

9    quote the statute verbatim in its communications to the debtor.  Numerous courts have held that

10   the use of language which puts the debtor on notice that the communication is from a debt

11   collector complies with the mandates of § 1692e(11).  *See, e.g., Volden v. Innovative Fin. Sys.,*

12   *Inc.*, 440 F.3d 947, 955 (8th Cir. 2006) (upholding summary judgment in favor of debt collector

13   because although a letter "does not say it is from a debt collector, the fact it says it is sent in an

14   attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that

15   such a letter is necessarily from a 'debt collector'"); *Emanuel v. Am. Credit Exch.*, 870 F.2d 805,

16   808 (holding letter that stated account "had been turned over to American Credit 'for immediate

17   collection'" complied with statute because "there simply is no requirement that the letter quote

18   verbatim the language of the statute"); *Degonzague v. Weiss, Neuren & Neuren*, 89 F. Supp. 2d

19   282, 285 (N.D.N.Y. 2000) (dismissing claim of violation of § 1692e(11) because although the

20   letter "failed to disclose that the communication was from a collector . . . . Defendant's

21   letter clearly states:  'The above-captioned matter has been referred to this office for immediate

22   attention by People's Bank *in an attempt to collect a debt*."); *Ross v. Commercial Fin. Servs.,*

23   *Inc.*, 31 F. Supp. 2d 1077, 1079-1080 (N.D. Ill. 1999) (dismissing claim of violation of

24   § 1692e(11) because language that "'Commercial Financial Services is a different kind of debt

25   collection company'" is sufficient to identify the defendant as a "debt collector" to "even the

26   most unsophisticated consumer").

27         Here, the March 21 letter is clearly from a debt collector and sent in an attempt to collect

28   on a debt.  At the top of the letter the words "COLLECTION AGENCY" are set forth twice—

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada 89169

1  both times in all capital letters.  Complaint at Exhibit 1.  The letter notes that Retrieval-Masters

2  had "written to [Plaintiff] repeatedly concerning [his] debt."  *Id.*  The letter informed Plaintiff

3  that without payment, his account would "be reviewed for additional collection efforts."  *Id.*

4  Plaintiff was told that he could "avoid further collection efforts by sending [his] payment now."

5  *Id.*  Finally, on the back of the letter at the top is the statement: "This is an attempt to collect a

6  debt.  Any information obtained will be used for that purpose.  This communication is from a

7  debt collector."  Wollman Decl. at 2:15-16, in particular Ex. A-4 thereto.

8         Because even the most unsophisticated debtor would recognize that the March 21 letter

9  was from a debt collector, the letter complies with § 1692e(11).  As such, the Court should

10 dismiss Plaintiff's claim for violation of § 1692e(11) with prejudice.

11 **C.    The Court Should Dismiss Plaintiff's Nevada Deceptive Trade Practices Act Claim
           Because Retrieval-Masters Is Registered As A Foreign Collection Agency In Nevada**

12

13        Because Retrieval-Masters is certified to do business under the d/b/a - assumed name of

14 American Medical Collection Agency both under New York and Nevada law, the Court should

15 dismiss Plaintiff's claim for violation of Nevada's Deceptive Trade Practices Act.

16        Under New York law, a business entity can register to do business under an assumed

17 name.  New York General Business Law § 130 provides, in pertinent part:

18        1. No person shall hereafter (i) carry on or conduct or transact business in
          this state under any name or designation other than his or its real name, or (ii)
19        carry on or conduct or transact business in this state as a member of a partnership,
          unless:
20

21        . . .

22        b) Such  person, if a corporation, limited partnership or limited liability company,
          shall file, together with the fees as set forth in subdivision five of this section, in
23        the office of the secretary of state a certificate setting forth the name or
          designation under which business is carried on or conducted or transacted, its
24        corporate, limited partnership or limited liability company name, the location
          including number and street, if any, of its principal place of business in the state,
25        the name of each county in which it does business or intends to do business, and
          the location including number and street, if any, of each place where it carries on
26        or conducts or transacts business in this state.

27 N.Y. Gen. Bus. Law § 130.

28 / / /

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada 89169

1   　　　In other words, under New York law if a corporation files a certificate of an assumed

2   name, it is permitted to conduct business under that assumed name.

3   　　　In Nevada, "[a] person who is not licensed in this State as a collection agency may apply

4   to the Commissioner for a certificate of registration as a foreign collection agency." NRS

5   649.171.  In order to obtain a certificate of registration as a foreign collection agency, the person

6   must meet various requirements set forth in subsection 2 of Nev. Rev. Stat. § 649.171.  Pursuant

7   to Nev. Admin. Code § 649.260, a foreign collection agency may use a fictitious name in the

8   collection of a debt if the fictitious name has been filed with the Commissioner of Financial

9   Institutions.  NAC 649.260.

10   　　　In this case, Retrieval-Masters filed a certificate to do business as American Medical

11   Collection Agency with the New York Department of State on March 2, 1987.  Wollman Decl. at

12   2:3-10, in particular Exhs. A-3, A-4 thereto.  As recently as March 31, 2010, the New York

13   Department of State acknowledged Retrieval-Masters' certificate.  *Id.*  Pursuant to Retrieval-

14   Masters' certificate, Retrieval-Masters has been doing business as American Medical Collections

15   Agency since 1987.  Likewise, Retrieval-Masters is licensed as a foreign collection agency with

16   the State of Nevada, Department of Business and Industry Financial Institutions Division.

17   Wollman Decl. at 2:11-14, in particular Ex. A-3 thereto.

18   　　　Notably, Retrieval-Masters recently litigated this issue in the United States District Court,

19   Southern District of Alabama.  In that case (which is scheduled to be published), the court

20   dismissed the plaintiff's claim ruled that Retrieval-Masters was entitled to use the assumed name

21   of American Medical Collection Agency.  *See Mahan v. Retrieval-Masters Credit Bureau, Inc.*,

22   2011 U.S. Dist. LEXIS 40344 (S.D. Ala. April 13, 2011), a copy of which is attached as **Exhibit**

23   **B** for the Court's convenience.

24   　　　In *Mahan*, the plaintiff alleged that Retrieval-Masters' use of the trade name American

25   Medical Collection Agency violated the Fair Debt Collection Practices Act.  In dismissing the

26   plaintiff's claims, the court first noted that Retrieval-Masters was registered to use the trade

27   name under New York law.  *Id.* at *10.  The court also noted that the "Federal Trade

28   Commission's position is that a debt collector's 'true name' encompasses not only its formal

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada 89169

1  corporate name, but also the name under which it usually transacts business." *Id.* at *14 (citing

2  Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act,

3  Comment 807(14)(1), *53 Fed.Reg. 50097*-02, 50107 (Dec. 13, 1988) ("A debt collector may use

4  a name that does not misrepresent his identity or deceive the consumer.  Thus, a collector may

5  use its full business name, the name under which it usually transacts business, or a commonly-

6  used acronym.")).  The Court further noted that "[n]umerous federal courts have similarly

7  determined that trade names comport with the FDCPA's 'true name' requirement." *Id.* at *14-15

8  (citations omitted).

9       Here, Retrieval-Masters is fully licensed to (1) act as a foreign collection agency in

10  Nevada and (2) to do so under the assumed name of American Medical Collection Agency.

11  Such conduct by Retrieval Masters is neither a violation of Nevada's Deceptive Trade Practices

12  Act nor of the FDCPA.  The Court should, therefore, dismiss Plaintiff's second claim against

13  Retrieval-Masters with prejudice.

14                     **IV.  CONCLUSION**

15       Plaintiff's Complaint is utterly lacking in merit.  Retrieval-Masters' March 21 letter to

16  Plaintiff fully complies with all FDCPA requirements.  Retrieval-Masters is licensed and

17  registered to do business as American Medical Collection Agency and AMCA is merely an

18  acronym of that name.  Thus, Plaintiff's Complaint fails to state any claim upon which relief may

19  be granted.  Finally, because Plaintiff cannot possibly amend his Complaint to state a proper

20  claim, the Court should dismiss the Complaint with prejudice.

21  Dated: May 18, 2011                    GORDON & REES LLP

22

23                                 By:  /s/  Joseph P. Hardy
                                       JOSEPH P. HARDY
24                                      Nevada Bar No. 7370
                                       3770 Howard Hughes Parkway, Suite 100
25                                      Las Vegas, Nevada  89169

26                                      Attorneys for Defendant Retrieval-Masters
                                       Creditors Bureau, Inc., d/b/a American
27                                      Medical Collection Agency, and
                                       erroneously sued separately as American
28                                      Medical Collection Agency, Inc., d/b/a
                                       AMCA Collection Agency

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada  89169

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 18th day of May, 2011 and pursuant to Fed. R. Civ. Pro. 5, I served via CM/ECF and/or deposited for mailing in the U. S. Mail a true and correct copy of the foregoing **Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(6)**, postage prepaid and addressed (if necessary) to:

MARK J. BOURASSA, ESQ.
TRENT L. RICHARDS, ESQ.
The Bourassa Law Group, LLC
3025 West Sahara Avenue, Suite 105
Las Vegas, Nevada  89102

*Attorneys for Plaintiff*

/s/  Linda M. Kapcia
An employee of Gordon & Rees LLP

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada  89169

CG/1070120/9752061v.1

-11-

**Exhibit A**

1   JOSEPH P. HARDY
    Nevada Bar No. 7370
2   GORDON & REES LLP
    3770 Howard Hughes Parkway, Suite 100
3   Las Vegas, Nevada 89169
    Telephone: (702) 577-9300
4   Facsimile: (702) 255-2858
    Email: jhardy@gordonrees.com
5
    Attorneys for Defendant Retrieval-Masters
6   Creditors Bureau, Inc., d/b/a American
    Medical Collection Agency, and erroneously
7   sued separately as American Medical
    Collection Agency, Inc., d/b/a
8   AMCA Collection Agency

9                       UNITED STATES DISTRICT COURT

10                           DISTRICT OF NEVADA

11

12   JOSHUA MORGAN, on behalf of himself and all   )   CASE NO.:   2:11-cv-600-RLH-RJJ
     similarly situated persons,                   )
13                                                  )
                           Plaintiff,               )   **DECLARATION OF JEFFREY S.**
14                                                  )   **WOLLMAN IN SUPPORT OF**
            vs.                                     )   **DEFENDANT'S MOTION TO**
15                                                  )   **DISMISS COMPLAINT**
     RETRIEVAL-MASTERS CREDITORS BUREAU,            )   **PURSUANT TO FED. R. CIV.**
16   INC., an unknown entity, d/b/a AMERICAN        )   **PRO. 12(b)(6)**
     MEDICAL COLLECTION AGENCY; AMERICAN            )
     MEDICAL COLLECTION AGENCY, INC., a New         )
17   York corporation, d/b/a AMCA COLLECTION        )
     AGENCY; DOE individuals 1 through 20, inclusive; )
18   and ROE CORPORATIONS 1 through 20, inclusive,  )
                                                    )
19                          Defendants.             )
                                                    )
20

21
            I, Jeffrey S. Wollman, in support of Defendant's Motion to Dismiss Complaint Pursuant
22
     to Fed. R. Civ. Pro. 12(b)(6), declare as follows:
23
            1.      This Declaration is made of my own personal knowledge except where stated on
24
     information and belief and, as to those matters, I believe them to be true.  If called as a witness, I
25
     would competently testify thereto.
26
            2.      I am the Chief Financial Officer of Defendant Retrieval-Masters Creditors
27
     Bureau, Inc.
28

1        3.      Retrieval-Masters Creditors Bureau, Inc., does business as American Medical

2   Collection Agency and uses the acronym AMCA in that regard.

3        4.      Attached as **Exhibit 1** is a true and correct copy of a certification from the State

4   of New York, Department of State dated March 31, 2010, wherein the First Deputy Secretary of

5   State certifies that Retrieval-Masters Creditors Bureau, Inc. filed a certificate of assumed name

6   to do business as American Medical Collection Agency on March 2, 1987.

7        5.      Attached as **Exhibit 2** is a true and correct copy of Retrieval Masters Creditors

8   Bureau, Inc.'s Certificate of Assumed Name filed with the State of New York, Department of

9   State on March 2, 1987, wherein Retrieval Masters Creditors Bureau, Inc. filed to do business

10   under the assumed name of American Medical Collection Agency.

11        6.      Attached as **Exhibit 3** is a true and correct copy of the Foreign Collection Agency

12   Certificate of Registration issued by the State of Nevada Department of Business and Industry,

13   Financial Institutions Division to "Retrieval Masters Creditors Bureau Inc dba: American

14   Medical Collection Agency" on July 1, 2010.

15        7.      Attached as **Exhibit 4** is a true and correct copy of the reverse side of the

16   collection letter attached as Exhibit 1 to Plaintiff's Complaint.

17        8.      I declare, under all penalties of perjury of the United States of America, that the

18   foregoing is true and correct to the best of my knowledge.

19        FURTHER YOUR DECLARANT SAYETH NAUGHT.

20        DATED this ___18ᵗʰ___ day of May, 2011.

21

22                              JEFFREY S. WOLLMAN

23

24

25

26

27

28

Gordon & Rees LLP
3770 Howard Hughes Parkway Suite 100
Las Vegas, Nevada 89169

-2-

**Exhibit 1**

# State of New York
# Department of State } ss:

I hereby certify, that RETRIEVAL-MASTERS CREDITORS BUREAU, INC., a NEW
YORK corporation, filed a Certificate of Assumed Name, to conduct business
under the assumed name of AMERICAN MEDICAL COLLECTION AGENCY, in this
Department on 03/02/1987.        ***

*WITNESS my hand and the official seal
of the Department of State at the City of
Albany, this 31st day of March two
thousand and ten.*

*First Deputy Secretary of State*

201004010131  102

Exhibit 2

**New York State**
**DEPARTMENT OF STATE**
**CORPORATIONS AND STATE RECORDS DIVISION**
162 Washington Avenue
Albany, NY 12231

J463612

**CORPORATION — CERTIFICATE OF ASSUMED NAME**
(Pursuant to Section 130 General Business Law)

FEES: THE FILING FEE PAYABLE TO THE SECRETARY OF STATE IS $25.00 PLUS A FEE FOR EACH COUNTY LISTED IN WHICH BUSINESS WILL BE TRANSACTED UNDER ASSUMED NAME. SUCH ADDITIONAL FEES ARE $25.00 FOR EACH COUNTY IN NEW YORK CITY AND $25.00 FOR EVERY OTHER COUNTY.

1. Corporation name   Retrieval-Masters Creditors Bureau, Inc.

   ☐ New corporation formed under   ☒ Business   ☐ Not-for-Profit   ☐ Education   ☐ Insurance

   ☐ Other (specify)

3. Assumed name   American Medical Collection Agency

4. Principal place   1261 Broadway
   of Business in      No. and Street
   New York State   New York          New York          10001          New York
                     City              State             Zip Code       County

   ☐ If none, check box and insert principal out-of-state address above.

5. Counties in which business will be conducted under assumed name:
   ☐ All counties
   ☒ If not all, circle which counties below

| Albany | Chenango | Essex | Jefferson | New York City | Oneida | | Schuyler | Ulster |
|--------|----------|-------|-----------|---------------|--------|--|----------|--------|
| Allegany | Clinton | Franklin | Lewis | Bronx | Onondaga | Rensselaer | Seneca | Warren |
| Broome | Columbia | Fulton | Livingston | Kings | Ontario | Rockland | Steuben | Washington |
| Cattaraugus | Cortland | Genesee | Madison | New York | Orange | St. Lawrence | Suffolk | Wayne |
| Cayuga | Delaware | Greene | Monroe | Queens | Orleans | Saratoga | Sullivan | Westchester |
| Chautauqua | Dutchess | Hamilton | Montgomery | Richmond | Oswego | Schenectady | Tioga | Wyoming |
| Chemung | Erie | Herkimer | Nassau | Niagara | Otsego | Schoharie | Tompkins | Yates |

6. The addresses of each location within New York State where business is or will be conducted under assumed name — list on reverse side. If no business locations in New York State, check box ☐

   Corporation officer signature   _Russell Fuchs, President_
   Type name and office   Russell Fuchs, President

**ACKNOWLEDGMENT (Must be completed)**

State of   New York   County of   New York   ss.:
On   December 9th   19 86, before me personally came   Russell Fuchs
to me known, who being by me duly sworn, did depose and say that he/she is the   President
of Retrieval-Masters Creditors Bureau, Inc., the corporation described in the foregoing certificate, and acknowledged
that he/she executed the same by order of the Board of Directors of such corporation.

ROBERT I. BRODSKY
Notary Public, State of New York
No. 01-4711512
Qualified in New York County
Commission Expires March 30, 19__

_Notary Public_

A124845

Filer's name   Seymour Marks, Esq.                     Date filed   _____
Filer's address   350 Fifth Avenue          New York          New York          10118
                  No. and Street            City              State             Zip Code

For Department of State use only

7. 339 Certificate of assumed name, corporation 1-79                     JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013



7. Addresses or business locations

1261 Broadway
No. and Street

New York          New York
City              State

10118             New York
Zip Code          County

STATE OF NEW YORK
DEPARTMENT OF STATE

FILED MAR 2 1987

AMT. OF CHECK $
FILING FEE $
TAX $
COUNTY $
COPY $
CERT $
SPEC HANDLE $

Use continuation sheet if necessary

Exhibit 3

STATE OF NEVADA

*DEPARTMENT OF BUSINESS AND INDUSTRY*

Carson City, Nevada



# FOREIGN COLLECTION AGENCY

# CERTIFICATE OF REGISTRATION

Dated: July 01, 2010

No. **FCA10101**

*This is to Certify That*

# RETRIEVAL-MASTERS-CREDITORS BUREAU INC

# DBA: AMERICAN MEDICAL COLLECTION AGENCY

Having paid the designated fee and having fulfilled the requirements of Chapter 649 of the Nevada Revised Statutes and the Rules and Regulations established there under, is authorized to conduct a licensed collection agency business within the meaning of said Chapter and Rules and Regulations at:

## 4 WESTCHESTER PLAZA SUITE 110

## ELMSFORD NY 10523

This certificate is held subject to regular renewal thereof as prescribed by law and expires on **June 30, 2011.**

This License Is NOT Transferable or Assignable

**Financial Institutions Division**

BY:

Deputy Commissioner

Exhibit 4

"This is an attempt to collect a debt. Any information obtained will be used for that purpose."
This communication is from a debt collector.

New York City Department of Consumer Affairs
License Number 0886914.

State of North Carolina Permit #2087.

⬥ Detach along this edge ⬥
and return the bottom portion with your check or money order.
Include your account number, name and address on all correspondence.

Thank you for your attention to this matter.

**Exhibit B**



1 of 1 DOCUMENT



Analysis
As of: May 17, 2011

**ERICA MAHAN, Plaintiff, v. RETRIEVAL-MASTERS CREDIT BUREAU, INC., Defendant.**

**CIVIL ACTION 10-0437-WS-M**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**

*2011 U.S. Dist. LEXIS 40344*

**April 13, 2011, Decided
April 13, 2011, Filed**

**PRIOR HISTORY:** *Mahan v. Am. Med. Collection Agency, 2010 U.S. Dist. LEXIS 100302 (S.D. Ala., Sept. 22, 2010)*

**CORE TERMS:** collector's, true name, collection, deceptive, collection agency, misleading, trade name, judicial notice, disclosure, registered, consumer, licensed, citation omitted, false name, attorney's fees, cause of action, contacted, notice, required disclosures, business name, factual allegations, public record, corporate name, bad faith, declaratory, harassment, collect a debt, conduct business, reasonable inference, assumed name

**COUNSEL:** [*1] For Erica Mahan, Plaintiff: Earl P. Underwood, Fairhope, AL; James Donnie Patterson, Underwood & Riemer, P.C., Mobile, AL.

For Retrieval-Masters Credit Bureau, also known as American Medical Collection Agency, Defendant: Brent Gibson Grainger, LEAD ATTORNEY, Birmingham, AL; John W. Scott, LEAD ATTORNEY, Scott Dukes & Geisler, P.C., Birmingham, AL.

**JUDGES:** WILLIAM H. STEELE, CHIEF UNITED STATES DISTRICT JUDGE.

**OPINION BY:** WILLIAM H. STEELE

**OPINION**

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's First Amended Complaint (doc. 24). The Motion has been briefed and is now ripe for disposition.

**I. Relevant Background.**

Plaintiff, Erica Mahan, brought this action against defendant, Retrieval-Masters Credit Bureau, Inc. ("Retrieval-Masters"), alleging violations of the Fair Debt Collection Practices Act, *15 U.S.C. §§ 1692 et seq.* ("FDCPA"). According to the well-pleaded allegations of the First Amended Complaint, Retrieval-Masters "initially contacted" her on or about April 5, 2010, "using the pseudonym American Medical Collection Agency," to collect an account in the amount of $145.72 for laboratory testing services performed by non-party Dianon Systems. (Doc. 21, ¶¶ 8-9.)[1] The First Amended [*2] Complaint further asserts that the April 5 letter falsely stated that defendant had "written to [Mahan] repeatedly concerning [this] debt," even though this letter marked defendant's "initial contact with the Plaintiff." (*Id.,* ¶ 10.) Plaintiff also alleges that the April 5 letter lacked required language "that a consumer can within 30 days after receipt of the debt collectors [*sic*] initial notice dispute the validity of the debt," and that defendant did not follow up with timely written notices to satisfy that re-

quirement. (*Id.,* ¶¶ 12-14.) Following the April 5 letter, the First Amended Complaint alleges, defendant contacted her in writing on or about June 23, 2010, "again using the pseudonym American Medical Collection Agency," to demand payment of Mahan's outstanding $145.72 debt.

> 1 Plaintiff indicates that this letter properly identified the creditor and account number. (*Id.,* ¶ 9.)

On the strength of these allegations, the First Amended Complaint reels off a half dozen FDCPA provisions that Mahan contends were violated. (Doc. 21, ¶ 19.) In particular, plaintiff's pleading alleges that (i) Retrieval-Masters violated *15 U.S.C. § 1692e* through "use of a false representation or deceptive [*3] means to collect or attempt to collect a debt"; (ii) defendant violated *§ 1692e(2)* by falsely representing "the character, amount, or legal status of a debt"; (iii) defendant violated *§ 1692e(10)* by "[u]sing unfair or unconscionable means to collect or attempt to collect a debt"; (iv) defendant violated *§ 1692e(11)* by failing to make proper disclosures that it was attempting to collect a debt, that information gained would be used for that purpose, or that the communication was from a debt collector; (v) defendant violated *§ 1692e(14)* by "[u]sing a business or company name other than its true name"; and (vi) defendant violated *§ 1692g* by failing to give disclosures required by that section. (Doc. 21, ¶ 19.) Plaintiff requests a declaratory judgment that defendant violated the FDCPA, as well as statutory damages, costs and attorney's fees, and also seeks class certification.

Defendant has filed a Motion to Dismiss pursuant to *Rule 12(b)(6), Fed.R.Civ.P.,* seeking dismissal of all of Mahan's claims save her FDCPA claim invoking *15 U.S.C. § 1692g.* Defendant's principal arguments are that the First Amended Complaint flunks the *Twombly/Iqbal* pleading standard and that the complained-of conduct [*4] does not violate the FDCPA, in any event. Plaintiff opposes the Motion to Dismiss in all respects, except that she "confesses dismissal" of her claims for declaratory relief. (Doc. 30, at 12.) The Motion to Dismiss is therefore **granted** as to Mahan's claims for declaratory relief, and those claims are **dismissed.** Also, inasmuch as defendant expressly excludes the *§ 1692g* from the ambit of its Motion to Dismiss, this Order will not address that claim, the factual allegations supporting it, or the legal principles specific to it.

## II. Analysis.

### A. Applicable Legal Standard for Rule 12(b)(6) Motion.

Because this matter comes before it on a *Rule 12(b)(6)* motion, "the court construes the complaint in the light most favorable to the plaintiff and accepts all

well-pled facts alleged ... in the complaint as true." *Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009); see also Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010)* ("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.").

To withstand [*5] a motion to dismiss for failure to state a claim, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,     U.S.    , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)* (citation omitted). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, 550 U.S. at 555.* As the Eleventh Circuit recently explained, *Twombly/Iqbal* principles simply require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level." *Speaker, 623 F.3d at 1380 (11th Cir. 2010)* (citations omitted). The factual content of the complaint must "allow[] the court to draw the reasonable inference [*6] that the defendant is liable for the misconduct alleged." *Id.* (citations omitted).

### B. Sufficiency of Pleading under Twombly / Iqbal Principles.

As an initial matter, Retrieval-Masters argues that the First Amended Complaint fails to comport with these baseline pleading requirements. Defendant's position is that Mahan's pleading does not specify which conduct violated which subsections of the FDCPA and that it is devoid of factual content but instead merely lists the elements of the causes of action. The Court disagrees. The First Amended Complaint specifically identifies a series of facts on which Mahan's FDCPA causes of action are predicated, to-wit: (i) defendant initially contacted her via letter dated April 5, 2010; (ii) defendant's April 5 letter identified it by the name "American Medical Collection Agency" rather than by its real name; (iii) defendant's April 5 letter stated that defendant had written to plaintiff repeatedly concerning her debt, when in fact this was its first contact with her; (iv) defendant's initial letter lacked required disclosures; and (v) defendant wrote to plaintiff again on June 23, 2010, and again did so under the false name of "American Medical Col-

lection [*7] Agency." The First Amended Complaint asserts that these enumerated facts establish violations of §§ 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692e(14).

As shown by the foregoing, this is not a case in which the pleading merely lists conclusory claims devoid of underlying factual allegations. Here, Mahan has identified the specific facts on which her claims rest, and the specific FDCPA subsections that she contends were violated by that enumerated course of conduct. Simply put, her "allegations are not barren recitals of the statutory elements, shorn of factual specificity." *Speaker, 623 F.3d at 1384*. Retrieval-Masters may well desire elaboration of plaintiff's theory undergirding each alleged statutory violation, but *Rule 8* does not mandate an exhaustive recitation of plaintiff's reasoning. That is a purpose of discovery. Stated differently, Mahan "need not prove [her] case on the pleadings," but "must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim." *Id. at 1386*.[2] Her First Amended Complaint does just that, by alleging specific facts and circumstances supporting her contentions that defendant used a false name and made false representations [*8] concerning its debt collection efforts, all in violation of the cited subsections of the FDCPA. This is not a case in which the plaintiff frames her pleading in terms of legal conclusions untethered to any factual allegations. As such, there is no *Twombly / Iqbal* problem here. Defendant has received fair notice of plaintiff's claims and their factual underpinnings. The Motion to Dismiss is not well-taken insofar as defendant contends otherwise.

> 2  *See also Williams v. Aircraft Workers Worldwide, Inc., 2010 U.S. Dist. LEXIS 52164, 2010 WL 2105108, *2 (S.D. Ala. May 24, 2010)* (recognizing that even in *Twombly / Iqbal* world, "[t]he rules of pleading require only that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief") (citation omitted); *McMillian v. AMC Mortg. Services, Inc., 560 F. Supp.2d 1210, 1212-13 (S.D. Ala. 2008)* (even *post-Twombly*, "heightened fact pleading of specifics" is not required but rather the pleading need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (citations omitted).

### C. The "True Name" Issue.

It is undisputed that all of Mahan's FDCPA claims implicated by the Motion to Dismiss rest, in [*9] whole or in part, on the theory that Retrieval-Masters attempted to collect Mahan's debt using a false name.[3] The allega-

tions of the First Amended Complaint, which are accepted as true for purposes of the Motion to Dismiss, are that in its April 5 and June 23 collection letters, defendant used "the pseudonym American Medical Collection Agency," rather than the name "Retrieval-Masters Credit Bureau, Inc." (Doc. 21, ¶¶ 9, 11.) This contention is of central importance to Mahan's FDCPA claims.

> 3  In the section of her brief addressing §§ 1692e and 1692e(2), plaintiff asserts that "Retrieval-Masters, on the occasions in question, was collecting under a false name." (Doc. 30, at 5.) In the portion of her brief concerning § 1692e(10), plaintiff likewise invokes allegations that defendant was proceeding under a false or assumed name. (*Id.* at 5-6.) To explain her claim under § 1692e(11), Mahan likewise asserts that "[w]hen making the disclosures required by the FDCPA Retrieval-Masters must use its own name." (*Id.* at 7.) And plaintiff's brief reflects that the whole point of her § 1692e(14) claim is that defendant failed to use its true name in collection letters.

In seeking dismissal of these claims, [*10] Retrieval-Masters urges the Court to take judicial notice of a public record from the New York Department of State dated March 31, 2010, and certifying "that RETRIEVAL-MASTERS CREDITORS BUREAU, INC., a NEW YORK corporation, filed a Certificate of Assumed Name, to conduct business under the assumed name of AMERICAN MEDICAL COLLECTION AGENCY, in this Department on 03/02/1987." (Doc. 25, Exh. A.) Plaintiff asserts no argument opposing judicial notice of this fact; therefore, the Court will grant defendant's request and take judicial notice of the public document showing that "American Medical Collection Agency" is defendant's duly registered trade name under New York law.[4]

> 4  Far from objecting, plaintiff relies on this fact to support her position, noting that "Retrieval-Masters has aptly pointed out that AMCA is only a trade name." (Doc. 30, at 6.) And the First Amended Complaint names the defendant as "Retrieval-Masters Credit Bureau, Inc., d/b/a American Medical Collection Agency." (Doc. 21, at 1 & ¶ 4.) So both sides are apparently in agreement that this Court may properly consider that Retrieval-Masters (a New York corporation) is authorized to conduct business as American Medical [*11] Collection Agency under New York law. Even without plaintiff's acquiescence, it would remain proper to consider the public record found at Exhibit A to defendant's brief and documenting this trade name. District courts have considerable discretion to take judicial notice of

2011 U.S. Dist. LEXIS 40344, *

public records. *See, e.g., Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204 (11th Cir. 2004)* (explaining that a district court "may take judicial notice of appropriate adjudicative facts at any stage in a proceeding" and that it "has wide discretion" to do so); *Cash Inn of Dade, Inc. v. Metropolitan Dade County, 938 F.2d 1239, 1243 (11th Cir. 1991)* ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases."); *Universal Express, Inc. v. U.S. S.E.C., 177 Fed. Appx. 52, 2006 WL 1004381, *2 (11th Cir. 2006)* (on a motion to dismiss, "[p]ublic records are among the permissible facts that a district court may consider"); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. McCranie, 2010 U.S. Dist. LEXIS 121173, 2010 WL 4739521, *2 (M.D. Fla. Nov. 16, 2010)* ("Public records comprise a category of documents subject to judicial notice."). Given the unchallenged [*12] authenticity and veracity of Exhibit A, and the lack of unfair prejudice to plaintiff, the Court in its discretion will take judicial notice of this document.

The narrow legal issue presented in the Motion to Dismiss, then, is whether Retrieval-Masters violated the FDCPA by contacting Mahan for debt collection purposes using the registered name under which it does business (American Medical Collection Agency), rather than its actual corporate name (Retrieval-Masters Credit Bureau, Inc.).

An appropriate starting point for the analysis is the statutory text. According to the FDCPA, "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" is a false, deceptive or misleading practice that violates the statute. *15 U.S.C. § 1692e(14); see also Hartman v. Meridian Financial Services, Inc., 191 F. Supp.2d 1031, 1045 (W.D. Wis. 2002)* ("Under the FDCPA, a debt collector is obligated to use its own name when corresponding with a consumer."). The term "true name" is not defined in the FDCPA. However, courts have opined that this provision is intended to prohibit use of names that are false, deceptive or misleading. [*13] *See, e.g., Weinstein v. Fink, 2001 U.S. Dist. LEXIS 2075, 2001 WL 185194, *5 (N.D. Ill. Feb. 26, 2001)* ("The aim of *§ 1692e(14)* is to prevent debt collectors from using a name other than [their] own in an attempt to mislead or deceive a consumer."); *Anthes v. Transworld Systems, Inc., 765 F. Supp. 162, 172 (D. Del. 1991)* ("*Section 1692e(14)*, like the other provisions of *§ 1692e*, only prohibits conduct that is false, deceptive, or misleading. It follows from the above, that a debt collector can use other names only to the extent that their use is not false,

deceptive, or misleading."). Application of concepts of false, deceptive or misleading conduct in interpreting *§ 1692e(14)* is fully consistent with congressional intent, inasmuch as *§ 1692e(1)-(16)* is framed as an illustrative list of conduct violating the prohibition against a debt collector's use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *15 U.S.C. § 1692e.*[5]

> 5  More generally, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, [*14] and to promote consistent State action to protect consumers against debt collection abuses." *15 U.S.C. § 1692(e); see also Peter v. GC Services L.P., 310 F.3d 344, 352 (5th Cir. 2002)* ("*Section 1692e* was enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were deceptive."); *Knoll v. Allied Interstate, Inc., 502 F. Supp.2d 943, 947-48 (D. Minn. 2007)* ("the intent of *§ 1692e* is ... to ensure that debtors are made aware that they are being contacted by a particular debt collection agency, which must be identified clearly in the letter"). The point, again, is that the applicable sections are designed to root out false, deceptive and misleading practices by debt collectors.

Against this backdrop of statutory language and intent, the Federal Trade Commission's position is that a debt collector's "true name" encompasses not only its formal corporate name, but also the name under which it usually transacts business.[6] Numerous federal courts have similarly determined that trade names comport with the FDCPA's "true name" requirement, such that a debt collector does not violate *§ 1692e(14)* by using the registered or licensed [*15] name under which it transacts business - rather than its formal corporate name - in debt collection communications. *See, e.g., Orenbuch v. North Shore Health Systems, Inc., 250 F. Supp.2d 145, 151-52 (E.D.N.Y. 2003)* ("The defendants correctly argue that there is nothing misleading about a debt collector (RCRS) using the name by which it is known to the public where, as here, that name is a registered trade name with the New York Department of State. ... [B]ecause RCRS letters refer to RCRS's true name, it does not constitute a false deceptive or misleading representation.") (citations and internal citations omitted); *Boyko v. American Int'l Group, Inc., 2009 U.S. Dist. LEXIS 119339, 2009 WL 5194431, *7 (D.N.J. Dec. 23, 2009)* ("the Court is persuaded that a collector's 'true name' includes the collector's legal name (*i.e.,* the registered corporate or LLC name with the state) as well as the

name under which it is licensed to do business").[7] One commentator aptly summarized these authorities by writing that "[d]ebt collectors ... may use alternative names they are legally entitled to use, and that are not misleading." Dee Pridgen & Richard M. Alderman, *Consumer Credit and the Law,* § 12:27.

6   In relevant part, the FTC [*16] commentary reads as follows: "A debt collector may use a name that does not misrepresent his identity or deceive the consumer. Thus, a collector *may use* its full business name, *the name under which it usually transacts business,* or a commonly-used acronym." Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act, Comment 807(14)(1), *53 Fed.Reg. 50097-02,* 50107 (Dec. 13, 1988) (emphasis added).

7   *See also Starosta v. MBNA America Bank, N.A., 244 Fed. Appx. 939, 2007 WL 2007944, *2 (11th Cir. 2007)* (affirming dismissal of *§ 1692e(10)* and *(14)* claims based on debt collector's inaccurate use of "P.A." abbreviation in name "Law Office of David E. Borack, P.A.," where debt collector was registered by that name under state's fictitious name registration statute, that name had appeared on firm's letterhead and correspondence, and "[m]ost importantly, there is no indication that the letters 'P.A.' misled, confused, or deceived Starosta or her attorney"); *Todd v. Capital One Financial Corp., 2007 U.S. Dist. LEXIS 82485, 2007 WL 3306097, *3 (W.D. Ky. Nov. 6, 2007)* (no violation of *§ 1692e(14)* where debt collector's true business name was "Greene & Cooper, LLP" but letter listed business name as "Greene & Cooper [*17] Attorneys LLP," where collector actually was a law firm, such that use of word "attorneys" was not false, deceptive or misleading); *Danow v. Borack,* 2006 WL 5516577, *3 (S.D. Fla. Jan. 30, 2006) (finding as a matter of law that defendant did not violate *§ 1692e* by using "the name held out to the public and the name under which it conducts business," which provided meaningful disclosure of debt collector's identity that was not false, deceptive or misleading), *rev'd on other grounds, 197 Fed. Appx. 853, 2006 WL 2671928 (11th Cir. 2006); Moore v. National Account Systems, Inc., 1991 U.S. Dist. LEXIS 18137, 1991 WL 313896, *1 (D. Conn. Nov. 13, 1991)* ("this court has ruled that the name under which a debt collector is licensed to do business is the debt collector's true name for purposes of the FDCPA"); *Kizer v. American Credit & Collection, 1990 U.S. Dist. LEXIS 20827, 1990 WL 317475, *6 (D. Conn.*

*Dec. 17, 1990)* (a debt collector "that obtains a license to do business under a certain name and thereafter proceeds to use that name in the course of its business cannot be held to have deceived the public," such that "the name under which a debt collector is licensed to do business ... is the debt collector's true name for purposes of the FDCPA"); *Johnson v. Statewide Collections, Inc., 778 P.2d 93 (Wyo. 1989)* [*18] (where debt collector "Statewide Collections, Inc" was licensed by Wyoming as "Statewide Collections, Inc. d/b/a CheckRite," debt collector did not violate *§ 1692e(14)* by sending demand letter in name of CheckRite alone because "[i]t was using a true business name, and the name used does not exemplify a means likely to deceive or mislead the consumer"); *cf. Schwarm v. Craighead, 552 F. Supp.2d 1056, 1076 (E.D. Cal. 2008)* (finding violation of *§ 1692e(14)* where "none of DATS' letters used its true name (DATS) *or the name it was registered as doing business under* (CSS)") (emphasis added); *Lewis v. ACB Business Services, Inc., 135 F.3d 389, 400-01 (6th Cir. 1998)* (no FDCPA violation where dunning letter purported to be from individual named "M.Hall," which was actually an alias or code used internally by collection agency, reasoning that plaintiff "can show no prejudice or harm suffered" by the use of "M.Hall" alias/code that "does not misrepresent the amount of a debt, the consequences of its non-payment, nor the rights of the contacted debtor").

By contrast, the cases in which a violation of *§ 1692e(14)* have been found typically involve a debt collector misrepresenting its identity, [*19] such as by purporting to be the creditor when it is not, purporting to be a government agency when it is not, or purporting to be distinct from the creditor when it is not. *See, e.g., Lester E. Cox Medical Center, Springfield, Mo. v. Huntsman, 408 F.3d 989, 992-93 (8th Cir. 2005)* (debt collector violated *§ 1692e(14)* where plaintiff received medical treatment at Lester E. Cox Medical Center, which then referred account to "Ozark Professional Collections," a fictitious registrant of Cox, for collection, which was deceptive because debtor would not know that debt remained with creditor and had not been turned over to a third-party collection agency).[8] No such circumstances of deception or misrepresentation are raised by the First Amended Complaint's allegations that Retrieval-Masters used its trade name in correspondence with Mahan.

8   *See also Carrizosa v. Stassinos, 2010 U.S. Dist. LEXIS 115318, 2010 WL 4393900, *2 (N.D. Cal. Oct. 29, 2010)* (finding violation of *§ 1692e(14)* where debt collector "sometimes sent

letters using the creditor's name ... rather than its own name"); *Gradisher v. Check Enforcement Unit, Inc., 210 F. Supp.2d 907, 914 (W.D. Mich. 2002)* (defendant violated *§ 1692e(14)* by sending debt collection [*20] notices creating false impression that they were generated by Muskegon County Sheriff's Department rather than private debt collector); *Domico v. Lean Industries, Inc., 1998 U.S. Dist. LEXIS 17099, 1998 WL 765058, *4 (N.D. Ill. Oct. 26, 1998)* (denying motion to dismiss where complaint alleged that defendant rented or borrowed another company's name and letterhead as cover for its debt collection activities); *Arslan v. Florida First Financial Group,* 1995 WL 731175, *4 (M.D. Fla. Oct. 5, 1995)* (finding violation of *§ 1692e(14)* where debt collector "did not register Reid, Lienhart, & Associates as a fictitious name until after the commencement of this lawsuit, hence Reid, Lienhart, & Associates cannot be considered as a true name of" the debt collector "at the time [it] attempted to collect from Plaintiff"); *see generally Anthes, 765 F. Supp. at 172 n.11* ("The practice Congress appears to have intended to prohibit by enacting *§ 1692e(14)* is the practice whereby debt collectors misrepresent that they are credit bureaus.").

The fundamental point is that, as one district court recognized, "*§ 1692e(14)* at its core clearly prohibits the use of a name that is neither the collector's actual corporate name nor its trade name, [*21] licensed or otherwise." *Boyko, 2009 U.S. Dist. LEXIS 119339, 2009 WL 5194431, at *6.* This case does not fit that paradigm. Plaintiff concedes that Retrieval-Masters communicated with her using its duly licensed trade name. There was nothing deceptive or manipulative about Retrieval-Masters contacting Mahan using the name "American Medical Collection Agency." After all, Retrieval-Masters had been conducting business under that name for more than two decades. There are no facts alleged, and no circumstances to suggest, that defendant's use of its registered trade name was intended to, or had the effect of, confusing, misleading or deceiving Mahan. Given these undisputed factual parameters, the Court finds as a matter of law that plaintiff has not pleaded a cognizable claim for violation of *§ 1692e(14)*. Accordingly, the Motion to Dismiss is **granted** insofar as it relates to plaintiff's claim under *§ 1692e(14)* and all other FDCPA claims predicated on defendant's alleged failure to use its "true name." All such causes of action are **dismissed** for failure to state a claim on which relief can be granted.

### D. Other Issues.

Two other matters are properly addressed at this time. First, in the interest of clarity, It bears emphasis [*22] that plaintiff's claims under *§§ 1692e, 1692e(2), 1692e(10)*, and *1692e(11)* are not dismissed under *Rule 12(b)(6)* insofar as they rest on well-pleaded allegations that (i) defendant falsely represented in its initial contact with plaintiff that "[w]e have written to you repeatedly concerning your debt," and (ii) defendant failed to make required disclosures in initial and subsequent contacts with plaintiff.[9] The Court understands that defendant disputes the factual basis of those claims.[10] However, a *Rule 12(b)(6)* Motion to Dismiss is not the time or place to quarrel with the accuracy of a pleading's factual assertions.

> 9   Defendant says that the April 5 letter contains all required disclosures, and attaches a copy of that letter to its brief. But defendant also says that it had written to Mahan previously about this debt. Any such predecessor letters are not in the court file, so the Court cannot verify whether they do or do not contain the disclosures mandated by the FDCPA.
> 10   In particular, defendant states that, after this litigation commenced, it provided plaintiff with proof that the April 5 letter was actually defendant's fourth letter to Mahan about the disputed debt. (Doc. 25, at   [*23] 8.) Defendant further states that its initial correspondence, dated January 13, 2010, in fact contained all required disclosures. (*Id.*) Those letters are not in the court file and the undersigned cannot now verify what disclosures they do or do not contain. Of course, defendant's assertions may be true. If they are, then further judicial action may be appropriate if plaintiff continues to pursue FDCPA claims that she knows to be factually unfounded. *See 15 U.S.C. § 1692k(a)(3)* (authorizing award of attorney's fees to defendant for FDCPA claims "brought in bad faith and for the purpose of harassment"). But at the *Rule 12(b)(6)* juncture, the Court takes the allegations of the First Amended Complaint as true. Those allegations sufficiently allege false and deceptive practices under the FDCPA relating to failure to make disclosures and misrepresentations concerning prior communications that had never been made. If Mahan does not intend to proceed with these causes of action (and her intentions are unclear, given that her brief focuses exclusively on the now-dismissed "true name" theory of liability without addressing the disclosure or "written to you repeatedly" issues), then she should   [*24] file appropriate documentation to conform her remaining claims to her intent.

2011 U.S. Dist. LEXIS 40344, *

Second, movant requests an award of attorney's fees and costs pursuant to *§ 1692k(a)(3)*, without elaborating on the legal or factual basis for that request. The cited statute provides as follows: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *15 U.S.C. § 1692k(a)(3)*. On this record, the Court cannot find that Mahan brought her "true name" claims against defendant in bad faith or for the purpose of harassment. As noted above, there is no published binding authority foreclosing those claims, and the term "true name" can reasonably be subject to differing interpretations. The Court's finding that plaintiff does not prevail on this issue does not equate to a finding that she proceeded in bad faith and for the purpose of harassment by raising it. There are no facts before the Court that might impute a lack of good faith to plaintiff as to her "true name" theory of relief. Accordingly, defendant's request for an award of attorney's  [*25] fees

and costs in relation to the dismissed FDCPA claims is **denied.**

**III. Conclusion.**

For all of the foregoing reasons, it is **ordered** that defendant's Motion to Dismiss Plaintiff's First Amended Complaint (doc. 24) is **granted in part** and **denied in part.** The Motion is **granted** as to (i) all claims for declaratory relief, and (ii) all claims (whether under *§ 1692e(14)* or any other subsection) alleging that defendant violated the FDCPA by using a false name or any name other than its "true name." Those claims are **dismissed with prejudice.** In all other respects, the Motion to Dismiss is **denied.** Defendant is **ordered** to file an answer to the First Amended Complaint on or before **April 25, 2011.**

DONE and ORDERED this 13th day of April, 2011.

/s/ WILLIAM H. STEELE

CHIEF UNITED STATES DISTRICT JUDGE