MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP, LLC**
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
       trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA MORGAN, on behalf of himself and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>RETRIEVAL-MASTERS CREDITORS BUREAU, INC. an unknown entity, doing business as AMERICAN MEDICAL COLLECTION AGENCY; AMERICAN MEDICAL COLLECTION AGENCY, INC., a New York corporation, doing business as AMCA COLLECTION AGENCY; DOE individuals 1 through 20 inclusive and ROE Corporations 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:11-cv-600-RLH-RJJ<br><br>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

COMES NOW, Plaintiff, JOSHUA MORGAN, on behalf of himself and all others similarly situated, by and through his attorneys, Mark J. Bourassa, Esq. and Trent L. Richards, Esq. of THE BOURASSA LAW GROUP, LLC, and hereby submits Plaintiff's Motion for Class Certification.

1  This Motion is made and based upon the pleadings and records on file herein, the
2  following Memorandum of Points and Authorities, and such evidence and argument as may be
3  presented at the hearing on this Motion, if any.

4  DATED this 28th day of July, 2011.

THE BOURASSA LAW GROUP, LLC

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
       trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF CLASS CERTIFICATION

I, JOSHUA MORGAN, under penalty of perjury, as provided for by the laws of the United States 28 U.S.C. § 1746, declare that the following statements are true and correct to the best of my knowledge and belief:

1. I reside in Clark County, Nevada.

2. I am the Plaintiff in this lawsuit.

3. I understand that this lawsuit alleges that Defendants, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. an unknown entity, doing business as AMERICAN MEDICAL COLLECTION AGENCY and AMERICAN MEDICAL COLLECTION AGENCY, INC., a New York corporation, doing business as AMCA COLLECTION AGENCY ("Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Nevada Revised Statutes and/or common law torts by engaging in unfair or deceptive collection practices.

4. I am one of the Nevada individuals subjected to collection by Defendants.

5. I understand that this lawsuit alleges claims on behalf of a class of people.

6. I understand that a class action is a lawsuit brought by someone on behalf of a group of people who have been treated in the same illegal manner by the defendants.

7. I am willing to serve as a representative of this class.

8. I understand that:

    a. As class representative, I have the responsibility to see that the lawyers prosecute the case on behalf of the entire class, not just myself;

    b. I may have to testify at a deposition or trial and provide documents and information for use in the case;

     c. The case cannot be dropped or settled without protecting the class members, this normally means that the other members of the class have to get a fair monetary settlement of their claims;

     d. The court has to approve any settlement or dispositions of the case.

9. I have arranged for my attorneys to advance all costs, including the cost of notification to the class, of this action while I remain responsible for my pro rata share of all costs.

10. I understand that courts have sometimes awarded people money for serving as class representatives, but that I am not entitled to such money as a matter of right, and that I have not been promised or guaranteed money for being the class representative.

11. I am not related to my attorneys. They will be paid as directed by the Court, if this case is successful, out of the defendants' assets or the funds recovered for the class.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOSHUA MORGAN

SUBSCRIBED and SWORN before me
This 2nd day of ~~July~~ August, 2011.

_____
**NOTARY PUBLIC**
in and for the County of Clark, State of Nevada



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
KRISTI K. BOURASSA
No: 08-8297-1
My Appointment Expires Nov. 3, 2012

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants have engaged in a series of practices that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Nevada Revised Statutes (NRS), and common law torts (State Acts), all which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

Specifically, Plaintiff's Complaint alleges that in violation of the FDCPA, Defendants: (a) used false, deceptive, and/or misleading representations or means in connection with the collection of a debt; (b) failed to disclose that the communication is from a debt collector; and (c) operated without all required state, county or city licenses. See, Plaintiff's Complaint on file herein and the letter attached thereto as Exhibit "1".

Plaintiff now seeks certification of a class pursuant to Fed.R.Civ.P. Rule 23. This class is comprised of consumers with Nevada addresses who a) within one year prior to the filing of this action; b) were contacted by Defendants; c) in a form materially identical or substantially similar to the contact by Defendants with Plaintiff, and d) the letter was not returned by the postal service as undelivered. Plaintiff seeks to represent a class of persons to whom Defendants communicated because Defendants' communication is a violation of the FDCPA. For the reasons set forth below, this proposed class meets the criteria for certification.

## II. ARGUMENT

### A. STANDARD OF REVIEW FOR CLASS CERTIFICATION.

Congress recognizes the importance of class actions in protecting consumers from debt collectors by expressly authorizing class-action remedies under the FDCPA. 15 U.S.C. §§ 1692k(a) and (b). Under Federal Rule of Civil Procedure 23, a class should be certified when

all four requirements of Rule 23(a) are met and one of the requirements of Rule 23(b) is met. See, Fed.R.Civ.P. 23.

If the Court is "satisfied", after a rigorous analysis, that the prerequisites of Rule 23(a) have been met, then the court must enter an order that defines the class and class claims, issues or defenses and appoints class counsel pursuant to Rule 23(g). Gen. Tel. Co. Sw. v. Falcon, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). See also, Fed.R.Civ.P. 23(c)(1)(B).

When evaluating a motion for class certification, the court must accept the allegations made in support of certification as true, and not examine the merits of the case. Blackie v. Barrack, 524 F.2d 891, 901 n. 16 (9th Cir. 1975).

### B. THE PROPOSED CLASS MEETS THE RULE 23(a) REQUIREMENTS FOR CERTIFICATION

#### 1. Rule 23(a)(1)-- Numerosity

The first requirement of Rule 23(a) is that the class members be so numerous that joinder is not practicable. Gay v. Waiters' and Dairy Lunchmen's Union, 549 F.2d 1330 (9th Cir. 1977). "Impracticability" in this context does not mean impossibility of joinder. Rabidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). "[I]n light of prevailing precedent, the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone." Amone v. Aveiro, 226 F.R.D. 677, 684 (D.Haw. 2005), citing Newberg and Conte, 1 Newburg on Class Actions § 3.6 (4th ed. 2002).

Here, Defendants have sent form collection letters to collect debts and the form letter, represented by Exhibit "1" to the Complaint, provides an appropriate basis for certification of an FDCPA class. See, e.g., Santoro v. Aargon Agency, Inc., 252 F.R.D. 675, 682 (D. Nev. 2008) ("Given the commonality of the letter in question, the general similarity of Plaintiff's

claims and those of the putative class, and the permissive nature of the typicality requirement, the Court concludes the requirement has been satisfied."), Harrison v. Great Springwaters of Am., Inc., 1997 WL 469996, 1997 U.S. Dist. LEXIS 23267, *8 (E.D.N.Y. 1997) (Where FDCPA plaintiffs received similar debt collection letters from defendants, courts found common questions of law or fact sufficient to certify the class.) Since the collection letter at the heart of this litigation is a mass mailed form letter, the class is so large that joinder of all members is impractical. The facts and circumstances therefore warrant a finding of numerosity under Rule 23(a)(1).

### 2. Rule 23(a)(2)—Commonality

The Ninth Circuit construes commonality liberally. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). It is not necessary for all questions of fact and law to be common in order for the rule to be satisfied. Id. "[T]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon v. Chrysler Corp., 150 F.3d at 1019.

In FDCPA actions, common questions of law and fact arise where defendants have engaged in standardized conduct towards members of the proposed class by mailing them form demand letters or documents. Abels v. JBC Legal Group, P.C., 428 F. Supp. 2d 1023 (N.D. Cal 2006); Bracamonte v. Eskanos & Adler, 2004 U.S. Dist. LEXIS 8520 *11 (N.D.Cal. 2004), citing, Keele v. Wexler, 149 F. 3d 589, 594 (7th Cir 1998). In Irwin v. Mascott, the court certified a class consisting of those to whom defendants had sent letters containing the same or similar demands as those sent to the class representatives. Irwin v. Mascott, 96 F.Supp.2d 968, 982 (N.D. Cal. 1999). In Ballard v. Equifax Check Servs., the commonality requirement was met where defendant had sent class members "standardized collection letters." Ballard v.

Equifax Check Servs, 96 F.Supp.2d 968 (N.D. Cal. 1999). In Hunt v. Check Recovery Sys., a class was certified consisting of those to whom the debt collector defendant had sent form letters demanding interest on dishonored checks. Hunt v. Check Recovery Sys., 241 F.R.D. 505 (N.D. Cal. 2007).

In this case, the questions of law and fact common to the class predominate over any questions affecting individual class members. Specifically, the common question of law predominating over any individual questions is whether the form collection letter, represented by Exhibit "1" to the Complaint, violates the FDCPA. Therefore, the commonality element is met in this matter.

### 3. Rule 23(a)(3) – Typicality

The Supreme Court has held that "a class representative must be part of the class and possess the same interest and suffer the same injury' as the class members." East Tex. Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) (quoting Schlesinger v. Reservists Comm. To Stop the War, 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974)). According to the Ninth Circuit, "representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). If putative class members suffered from an alleged common practice, and the class representatives were also subjected to the same practice, the class representatives fulfill the typicality requirement. Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1184 (9th Cir. 2007).

Here, the claims of the class representative, Plaintiff, are based on the same standard form letter that was sent to all members of the proposed class, represented by Exhibit "1" to the Complaint. Stripped to its essentials, the claims of both the class representative and the

proposed class members rest upon allegations that they were sent collection letters by the Defendant and that the letters contained language that violated the FDCPA. The successful prosecution of this case would therefore require the named Plaintiff to make legal arguments similar to those of the proposed class members, i.e., that relief is warranted under FDCPA provisions governing collection letters.

Plaintiff's claims are typical of those of the class members and all claims are based on the same facts and legal theories. The foregoing satisfies the requirement "that the interest of the class members will be adequately protected in their absence." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 158 n.13, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). Accordingly, Rule 23(a)(3)'s typicality requirement is satisfied.

### 4. Rule 23(a)(4) -- Adequacy of Representation

The fourth and final Rule 23(a) requirement -- adequacy – requires: (1) that the proposed representatives do not have conflicts of interest with the proposed class; and, (2) that plaintiffs are represented by qualified counsel. Hanlon v. Chrysler Corp, 150 F.3d 1011, 1020 (9th Cir. 1998). Adequacy of representation is established by showing that: (1) the named plaintiff does not have interests antagonistic to those of the class; and, (2) plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation. Epstein v. MCA, Inc., 179 F.3d. 641 (9th Cir. 1999); Lerwill v. Inflight Motion Pictures, Inc., 582 F. 2d 507, 512 (9th Cir 1978). Fed.R.Civ.P. 23(g) also requires that an attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.

Here, Plaintiff's attorneys and proposed counsel for the putative class, are active practitioners who will protect the interests of the class. Both of Plaintiff's attorneys have represented creditors in creditor rights actions, including FDCPA actions. In addition, Mark J.

Bourassa, Esq. has extensive experience litigating complex construction defect litigation in Nevada. Mr. Bourassa is also a certified Collection Agency Manager by the State of Nevada and is very familiar with the applicable law in this litigation. Finally, Plaintiff's attorneys have never been found to be inadequate class counsel.

As to the named plaintiff, "A number of courts that have considered ... FDCPA class actions challenging form collection letters have found named plaintiffs who received versions of the challenged collection letters to be adequate class representatives for purposes of Rule 23(a)(4)." Harrison v. Great Springwaters of Am., Inc., No. 93 Civ. 6106, 1997 WL 469996, at *6 (citing Colbert v. Trans Union Corp., 1995 WL 20821 (E.D. Pa. Jan. 12, 1995)); Carr v. Trans Union Corp., 1995 WL 20865 (E.D. Pa. Jan. 12, 1995); Beasley v. Blatt, 1994 WL 362185, at *4 (N.D. Ill. July 11, 1994)). Representation is "adequate" if the class representatives are not disqualified because of interests that are antagonistic to the remainder of the class. Ostrof v. State Farm Mut. Auto. Ins. Co., 200 F.R.D. 521, 530 (D.Md.2001).

Here, there is no conflict or antagonism between Plaintiff and the class members. Plaintiff and the class members seek damages as a result of Defendants' illegal and deceptive practices as embodied in the subject collection practices. Given the identical claims of Plaintiff and the class members, and the fact that Plaintiff has also retained counsel experienced in bringing class actions and collection claims, Plaintiff will fairly and adequately represent the class. Accordingly, Rule 23(a)(3)'s adequacy requirement is satisfied.

### C. THE PROPOSED CLASS MEETS THE RULE 23(b) REQUIREMENT FOR CERTIFICATION.

Because all Rule 23(a) requirements are met, the parties propose certification under Rule 23(b)(3). Amchem Prod. Inc. v. Windsor, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Rule 23(b)(3) requires a showing "that the questions of law or fact common to

the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).  The "matters pertinent" to the court's Rule 23(b)(3) analysis include, (A) the class member's interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed.R.Civ.P. 23(b)(3)(A)-(D).

Substantial authority supports certification of FDCPA class actions under subsection (b)(3). See, e.g., McCall v. Drive Fin. Servs., L.P., 236 F.R.D. 246, 253-54 (E.D. Pa. 2006) (finding Rule 23(b)(3) applicable for class certification in FDCPA case involving collection letters); Reade-Alvarez v. Eltman, Eltman & Cooper, PC, 369 F. Supp. 2d 353 (E.D.N.Y 2005) (same); Gross v. Washington Mut. Bank, No. 02-CV-4135, 2006 WL 318814, at *3 (E.D.N.Y. Feb. 9, 2006) (Levy, Mag. J.) (same); Bonett v. Educ. Debt Servs., Inc., No. 01-6528, 2003 WL 21658267, at *4 (E.D. Pa. May 9, 2003) (same); Mailloux, 204 F.R.D. at 42-43 (same); D'Alauro, 168 F.R.D. at 458-59 (same).

**1. Rule 23(b)(3) -- Predominance.**

It should be noted that under Rule 23(b)(3), "[p]redominance is a test readily met in certain cases alleging consumer…fraud." Amchem Prod. Inc. v. Windsor, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) (citations omitted). Predominance is normally satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy. Valentino v. Carter-Wallace, Inc., 97 F.3d 1227 (9th Cir. 1996). Put another way, the predominance test is satisfied when "the issues in

the class action that are subject to generalized proof, and thus applicable to the class as a whole, ... predominate over those issues that are subject only to individualized proof." Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir. 2000) (internal quotation marks omitted).

There is little doubt that resolution of the key factual and legal issue here – specifically, whether the Defendants violated the FDCPA by sending the form collection letters to consumers – can be readily resolved through "generalized proof." The legal issue of whether Defendants violated the FDCPA by sending the form collection letters to consumers also predominates over the issue of actual damages possibly suffered by the individual consumers within the class. Accordingly, Rule 23(b)(3)'s predominance requirement is satisfied.

### 2. Rule 23(b)(3) -- Superiority.

As to Rule 23(b)(3)'s superiority requirement, the proposed class action satisfies this element as well. To determine if a class action is superior, a court must balance the merits of a class action against alternative methods of adjudication, in terms of fairness and efficiency. Gete v. I.N.S., 121 F.3d 1285 (9th Cir. 1997). The most obvious alternative method of adjudication "is to remit the class members to the institution of individual action." 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1764 (2d ed. 1995). The United States Supreme Court recognizes that Rule 23 procedures may be the only viable means for claimants with small recoveries to have access to the courts. Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326, 338, n.9, 100 S.Ct. 1166, 63 L. Ed. 2d 427 (1980). Hanlon v. Chrysler Corp., 150 F.3d 1011, 1023 (9th Cir. 1998). Allowing this case to proceed as a class action would be the most efficient means of resolving the claims at issue, where there

exist numerous proposed class members, and each member possesses the same claim based on acts by Defendants in violation of the FDCPA.

The core purpose of class action procedure is to give individual plaintiffs a vehicle to pool claims that they would otherwise not litigate on an individual basis. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985). A consumer may be economically discouraged from seeking relief in an individual action because of the high risk that potential recovery would be exceeded by the sheer cost of litigation. See, Deposit Guaranty Nat'l Bank, Jackson, Miss. V. Roper, 445 U.S. 326, 339, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980). In this case, the class members are generally unsophisticated consumers. Prosecution of separate actions by each member would create the risk of inconsistent or varying adjudications, which would result in the inconsistent or varying standards for the parties. Thus, a class action is superior for the fair and efficient adjudication of the class members' claims.

Further, it would be desirable to concentrate litigation concerning the Defendants' actions in this forum because all of Defendants actions against the proposed class members were directed at individuals residing in Nevada.

**D. PLAINTIFF'S ATTORNEYS MEET ALL THE CRITERIA FOR APPOINTMENT AS CLASS COUNSEL.**

Under Rule 23(g), the Court should consider the following in appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action, (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (iii) counsel's knowledge of the applicable law, and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). These requirements are similar to those employed in determining whether counsel is adequate under

1  Rule 23(a)(4). Amchem Prod. Inc. v. Windsor, 521 U.S. 591, 626 n. 20, 117 S. Ct. 2231, 2251
2  n. 20, 138 L. Ed. 2d 689 (1997) ("The adequacy heading also factors in competency and
3  conflicts of class counsel."). See, e.g., Greisz v. Household Bank, N.A., 176 F.3d 1012, 1013
4  (7th Cir. 1999) (Rule 23(a)(4) requires assessment of competence of counsel for class).
5  Therefore, the discussion of Plaintiff's counsel's qualifications set forth above satisfies many
6  of the Rule 23(g) requirements.
7  
8  In addition, here, Plaintiff's counsel carefully investigated potential claims in this
9  action. This investigation included reviewing the collection letter for potential claims, speaking
10 with the Plaintiff and reviewing all reported FDCPA decisions against Defendants. In drafting
11 the complaint, counsel heavily researched the proper parties to this litigation, their state(s) of
12 residency, and applicable law. Plaintiff's counsel has diligently pursued all discovery avenues
13 in this case and has kept abreast of the various cases previously and now pending against
14 Defendants.
15 \\\
16 \\\
17 \\\
18 \\\
19 \\\
20 \\\
21 \\\
22 \\\
23 \\\
24 \\\
25 \\\

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court certify this case as a class action, name his attorneys as class counsel, and certify a class as follows: All consumers who, according to Defendants' records, have mailing addresses within Nevada and, within one year prior to the filing of this action, were sent collection letters in a form materially identical or substantially similar to the letter sent to the Plaintiff, a copy of which is attached as Exhibit "1" to the Complaint, which were not returned by the postal service as undelivered.

DATED this 28th day of July, 2011.

THE BOURASSA LAW GROUP, LLC

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** was electronically filed this 2nd day of ~~July~~ August, 2011, and is available for viewing and downloading from the ECF System of the United States District Court for the District of Nevada.

The undersigned further certifies that a true and correct copy of the foregoing document was served by mailing a copy thereof, first class mail, postage prepaid, this 2nd day of ~~July~~ August, 2011 as follows:

Joseph P. Hardy, Esq.
Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
*Attorneys for Defendants*

_____
An employee of The Bourassa Law Group, LLC